FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2022

SEAN F. McAVOY, CLERK

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court Eastern | District: of Washington |
|---|---|
| Name (under which you were convicted): Daniel Blizzard | Docket or Case No.: 1:22-cv-03130-RMP |
| Place of Confinement: Clallam Bay Corrections Center | Prisoner No.: 378371 |
| Petitioner (include the name under which you were convicted) Daniel Blizzard | v. Respondent (authorized person having custody of petitioner) Jeri Boe |

The Attorney General of the State of: Washington

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Yakima Superior Court
   128 North 2nd St. Rm 323
   Yakima, WA 98901

   (b) Criminal docket or case number (if you know): 13-1-01329-6

2. (a) Date of the judgment of conviction (if you know): 9-16-2014

   (b) Date of sentencing: 10-30-2014

3. Length of sentence: 34 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   First Degree Murder

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No   only for illegal government seach/seizure of attorney-client communications. I didn't at trial!

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Washington Court of Appeals Division Three

(b) Docket or case number (if you know): No. 328660-0-III

(c) Result: Conviction Affirmed (Appeal Denied)

(d) Date of result (if you know): September 1, 2016

(e) Citation to the case (if you know): State v. Blizzard, 195 Wn.App. 717 381 P.3d (2016)

(f) Grounds raised: 1) Case of first impression: Separation of powers-prosecuter's attempt to remove elected trial judge, 2) case of first impression: structural fairness of criminal trial-prosecutor's unethical "political" & "professional" attacks on judge, 3) Case of first impression: exploiting illegal warrants, 4th Amend., 4) Warrant illegalities always written-off as "ministerial", 5) Illegal search/seizure attorney-client communications, 6) If writing is inadmissible for lack of foundation, is testimony

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Washington Supreme Court

(2) Docket or case number (if you know): No. 93707-9

(3) Result: Denied Review

AO 241 (Rev. 09/17)

(4) Date of result (if you know): February 15, 2017

(5) Citation to the case (if you know): State v. Blizzard, 187 Wn.2d 1012 (2017)

(6) Grounds raised: Same as in the Washington Court of Appeals No. 328660-0-III, as stated above.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Washington Court of Appeals Division Three

(2) Docket or case number (if you know): COA No. 35434-2-III

(3) Date of filing (if you know):

(4) Nature of the proceeding: Personal Restraint Petition, RAP 16.4

(5) Grounds raised: 1) Prosecutor committed misconduct by knowingly presenting perjured testimony; 2) Trial court erred in giving a jury instruction and special verdict form on whether the victim was particularly vulnerable; 3) Trial court erred in giving a jury instruction and special verdict form on deadly weapons; and 4) Trial counsel and appellate counsel were prejudicially ineffective.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: Denied Review / Dismissed

AO 241 (Rev. 09/17)

   (8) Date of result (if you know):   August 6, 2019

 (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:   Washington Superior Court in Yakima

   (2) Docket or case number (if you know):   13-1-01329-6

   (3) Date of filing (if you know):   August 26th, 2018

   (4) Nature of the proceeding:   CrR 8.3(b) Motion to Dismiss / 7.8(b) Motion

   (5) Grounds raised: 1) Illegal search/seizure of attorney-client privileged documents conflicts with recent decision in State v. Irby, 3 Wn.App 2d 247, 415 P.3d 611 (2018); 2) Court of Appeals didn't hold state to heave burden proving lack of prejudice beyond a reasonable doubt and conflicts with State v. Pena-Fuentes, 179 Wn.2d 808 P.3d 257 (2017); 3) Claim of COA petition untimely conflicts with RCW 10.73.100(4)(6); and 4) Trial and COA applied incorrect governing standard in deciding merits of Mr. Blizzard's claim.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ☐ Yes   ☒ No

   (7) Result:   Denied Review / Dismissed

   (8) Date of result (if you know):   December 12, 2018

 (c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:   Washington Superior Court in Yakima

   (2) Docket or case number (if you know):   13-1-01329-6

   (3) Date of filing (if you know):   August 1, 2019

   (4) Nature of the proceeding:   CrR 8.3(b) / 7.8(b) Motion

   (5) Grounds raised: 1) The State of Washington cannot violate Mr. Blizzard's Constitutional rights guaranteed by the 4th Amendment of the U.S. Constitution, and Article 1 Section 7, and Article IV Section 6 of WA. State Constitution, Constitutional right to Due Process and Equal Protection of the law when erroneously allowing the Government to conduct an unlawful seach of both Mr. Blizzard's and Adriana Mendez's cell-site location information (CSLI).

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☒ No

      (7) Result:  Denied Review

      (8) Date of result (if you know):  August 24, 2022

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:    ☒ Yes    ☐ No

      (2) Second petition:  ☒ Yes    ☐ No

      (3) Third petition:    ☒ Yes    ☐ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Illegal search/seizure, exploiting illegal warrants in violation of State and Federal Constitution, 4th Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Multiple illegal warrants were issued that resulted in seizure of circumstancial evidence. The trial judge initially recognized warrants as "illegal" and "not properly issued." Judge then reversed her opinion after elected Prosecuting Attorney threatened the presiding Judge in a letter to Judge David Ellofsen. The recent United States Supreme Court ruling in Carpenter proved that 4th Amend. Violations took place.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: CrR 7.8(b) / 8.3(b) Motion

Name and location of the court where the motion or petition was filed: Yakima Superior Court which was transferred to Court of Appeals Division Three as a PRP.

Docket or case number (if you know): COA No. 38163-3-III

Date of the court's decision: May 27, 2022

Result (attach a copy of the court's opinion or order, if available):

(See Attached)

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Washington Supreme Court P.O. Box 40929, Olympia, WA 98504-0929

Docket or case number (if you know): No. 101038-9

Date of the court's decision: August 24, 2022

Result (attach a copy of the court's opinion or order, if available):

(See Attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Illegal search / seizure of privileged attorney-client communications in violation of 5, 6, & 14 Amendments

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The documents & discovery needed to prepare my defense were all taken in addition to handwritten facts, thoughts, insights, and analysis that were intended for my attorney in preparation for trial - some of which were never returned or seen again. I objected to the officers taking them. Mine was the only jail-cell where documents were taken. The contents of which was used against me by the State & State actors. The judge sealed some documents with my handwriting.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    CrR 7.8(b) / 8.3(b)

Name and location of the court where the motion or petition was filed:    Yakima Superior Court Which was transferred to the Court of Appeals Division Three as a PRP

Docket or case number (if you know):    COA No. 36303-1-III

AO 241 (Rev. 09/17)

Date of the court's decision: December 12, 2018

Result (attach a copy of the court's opinion or order, if available):

(See Attached)

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Washington Supreme Court
P.O. Box 40929, Olympia, WA 98504-0929

Docket or case number (if you know): No. 96735-1

Date of the court's decision: July 1, 2019

Result (attach a copy of the court's opinion or order, if available):

(See Attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**  The State knowingly supported perjured testimony of their key witness(s) in violation of Brady & Due Process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State told the jury that they knew their witness, Ms. Mendez, lies:
"You also heard the testimony of Adriana Mendez. She's a perjurer. That's right. She perjured herself all the time on the stand." RP at 3135.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: Focused on issues of first impression: threat/intimidate judge by prosecutor; illegal warrants; Illegal search/seizure attorney-client comms. Foundational issues.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Personal Restraint Petition RAP 16.4

    Name and location of the court where the motion or petition was filed: Washington Court of Appeals Division Three

    Docket or case number (if you know): COA No. 35434-2-III

    Date of the court's decision: August 6, 2018

    Result (attach a copy of the court's opinion or order, if available):

    (See Attached)

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Washington Supreme Court P.O. Box 40929, Olympia, WA 98504-0929

    Docket or case number (if you know): No. 96224-3

    Date of the court's decision: July 1, 2019

    Result (attach a copy of the court's opinion or order, if available):

    (See Attached)

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:**  Improper jury instructions were given on deadly weapon and victim vulnerability

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Both the State and appellate court conceded that the jury instruction(s) were "improper" and "inaccurate". Blizzard has always maintained his innocence as he was never present at the scene of the crime, nor armed with a deadly weapon. Misstated jury instructions are presumed prejudicial and the State is being vindictive toward Blizzard for invoking protected rights

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____
_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  (same reason as ground three above)

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  (same as ground three above)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Washington Court of Appeals Division Three

Docket or case number (if you know): COA No. 35434-2-III

Date of the court's decision: August 6, 2018

Result (attach a copy of the court's opinion or order, if available):

(See Attached)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Washington Supreme Court P.O. Box 40929, Olympia, WA 98504-0929

Docket or case number (if you know): No. 96224-3

Date of the court's decision: July 1, 2019

Result (attach a copy of the court's opinion or order, if available): denied review

(See Attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

**GROUND FIVE:** Mr. Blizzard was denied his 6th Amendment Constitutional Right to effective assistance of both trial and appellate counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel didn't effectively raise or argue that the special verdict jury wrong; both the prosecutor and appellate court agree that both of the jury instructions were "inaccurate" and "improper".

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: Because appellate counsel was also the trial attorney and was not going to argue his own ineffectiveness.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   (same as ground three above)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Washington Court of Appeals Division Three

Docket or case number (if you know): COA No. 35434-2-III

Date of the court's decision: August 6, 2018

Result (attach a copy of the court's opinion or order, if available):

(See Attached)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Washington Supreme Court P.O. Box 40929, Olympia, WA 98504-0929

Docket or case number (if you know): No. 96224-3

Date of the court's decision: July 1, 2019

Result (attach a copy of the court's opinion or order, if available): denied review

(See Attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Mazzone Law Firm, PLLC

   (b) At arraignment and plea: Mazzone Law Firm, PLLC

   (c) At trial: Peter Mazzone WSBA # 25262
   3002 Colby Ave. Ste 302, Everett, WA 98201

   (d) At sentencing: Peter Mazzone

   (e) On appeal: Peter Mazzone & Peter Connick WSBA # 12560

   (f) In any post-conviction proceeding: Pro se

   (g) On appeal from any ruling against you in a post-conviction proceeding: Pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Acting Pro se, Mr. Blizzard has limited knowledge of laws, proper procedures, or proper court rules; however, he has acted with due diligence and good faith when filing and presenting his legal claims and arguments before the courts. Because of the filing of three seperate State actions in violation of State and Federal laws and constitutions

AO 241 (Rev. 09/17)

and because of intervening case law and intervening U.S. Supreme Court rulings under which Mr. Blizzard asserts having filed in timely manner, he was precluded from filing his Federal Habeas Corpus as all his State remedies had not yet become exhausted. As a result Mr. Blizzard asserts this timely motion as provided by 28 U.S.C. § 2244(d)(1)(B)(C) and § 2244(d)(2). and that equitable tolling applies throughout all his pleading and appeals filed previously hereto.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Vacate his conviction and any other relief this Court see fit to grant**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **Sept. 25, 22** (month, date, year).

Executed (signed) on **9/25/22** (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.