FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2024

SEAN F. McAVOY, CLERK

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   DANIEL BLIZZARD,

8                              Petitioner,        NO:  1:22-CV-3130-RMP

9        v.                                       ORDER DENYING PETITION
                                                  UNDER 28 U.S.C. § 2254 FOR WRIT
10  JERI BOE,                                     OF HABEAS CORPUS

11                            Respondent.

12

13          BEFORE THE COURT is Petitioner Daniel Blizzard's Petition under 28

14  U.S.C. § 2254 for Writ of Habeas Corpus, ECF No 7.  Mr. Blizzard challenges his

15  confinement under a state court judgment entered for his conviction of First Degree

16  Murder.  *Id*. at 1.  Petitioner asserts six grounds for habeas relief.  *Id*. at 21.

17  Additionally, Mr. Blizzard has filed a request for appointment of counsel, ECF No.

18  14.  The Court has considered the filings, the record and relevant law, and is fully

19  informed.  For the reasons set forth below, Mr. Blizzard's petition and his motion for

20  appointment of counsel are denied.  A certificate of appealability will not be issued.

21

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 1

# BACKGROUND

Petitioner Daniel Blizzard, a Washington state prisoner, brings this *pro se* habeas corpus action under 28 U.S.C. § 2254.  The Washington Court of Appeals summarized the facts underlying Mr. Blizzard's conviction as follows:

> On May 25, 2013, real estate broker Vern Holbrook was found lying in a pool of blood in a vacant house he reportedly showed to a couple earlier that day. He had been severely beaten and his throat was cut. Mr. Holbrook later died as a result of the injuries sustained in the attack.
>
> An investigation of Mr. Holbrook's cell phone records and witness interviews led law enforcement to Mr. Blizzard. The State's theory was essentially a murder for hire scheme. Mr. Holbrook and Mr. Blizzard were former business partners. Although there had been a falling out between the two men, Mr. Blizzard was the beneficiary of Mr. Holbrook's life insurance policy. Prior to the May 2013 attack, Mr. Blizzard tried recruiting various people to kill Mr. Holbrook. As part of this effort, he enlisted the help of his sometimes-girlfriend, Jill Taylor. Ms. Taylor also happened to be Mr. Holbrook's former daughter-in-law. Eventually, Mr. Blizzard recruited Ms. Taylor's roommate, Adriana Mendez, and Ms. Mendez's boyfriend, Luis Gomez-Monges, to pose as prospective homebuyers and attack Mr. Holbrook during a home tour.
>
> Mr. Blizzard, Ms. Mendez, Mr. Gomez-Monges, and Ms. Taylor were charged in connection with Mr. Holbrook's murder. During the pretrial phase of the case, Mr. Blizzard moved to suppress records related to his cell phone. He argued the warrants authorizing seizure of his cell phone records were invalid due to procedural and substantive flaws.
>
> Just prior to a hearing scheduled to address the cell phone warrants, the trial judge received a letter authored by the county's elected prosecutor. In the letter, the prosecutor alleged the trial judge had "a bias and prejudice against the Yakima County Prosecuting Attorney's Office." Clerk's Papers (CP) at 835. He criticized the trial judge's handling of Mr. Blizzard's case as well as others. The prosecutor claimed the trial judge personally disliked several prosecutors and "bent over backwards" to favor the defense. CP at 834. He alleged the trial judge's bias made it "impossible for the State to get a fair trial." CP at

835. Ultimately, the prosecutor requested the trial judge recuse herself or be removed by the presiding judge.

The trial judge brought the letter to the parties' attention. The judge noted she had consulted with the state's judicial ethics advisory committee. She expressed concern that the letter was improper ex parte contact and constituted an attempt to intimidate the court. The trial judge provided the State with a deadline for filing a formal recusal motion and set a briefing schedule.

The State never filed a formal motion for recusal. Instead, the State's lead deputy prosecutor assigned to this case filed a notice of abandonment, disavowing the recusal request. Mr. Blizzard, in turn, filed a motion to dismiss under CrR 8.3(b) for prosecutorial misconduct based on the letter. The trial court denied Mr. Blizzard's motion and continued to hear the case.

Shortly after ruling on Mr. Blizzard's motion to dismiss, the trial court denied his motion to suppress the cell phone records. The court ultimately ruled on numerous additional motions, including a second motion to dismiss based on an allegation the State had intercepted attorney-client communications. While the judge denied this second motion to dismiss, not all the court's rulings favored the State. Significantly, the trial judge granted a defense motion to prohibit the State from filing enhanced charges, which could have resulted in a mandatory life sentence.

At trial, codefendants Adriana Mendez and Jill Taylor turned state's evidence and testified against Mr. Blizzard. Codefendant Luis Gomez-Monges was tried separately. A jury found Mr. Blizzard guilty of first degree murder. By special verdict, it also found (1) Mr. Blizzard was armed with a deadly weapon, and (2) Mr. Holbrook was particularly vulnerable or incapable of resistance.

ECF No. 7-7 at 54–57 (footnotes omitted).  Mr. Blizzard received a sentence of 34 years.  ECF No. 7 at 1.

Mr. Blizzard appealed and the Washington State Appeals Court affirmed his conviction and sentence.  ECF Nos. 7-1; 7-7.  Mr. Blizzard then filed a Motion for Discretionary Review in the Washington Supreme Court, which denied review on February 8, 2017.  ECF Nos. 7-4 at 1–26; 12-1 at 10–11.  Mr. Blizzard filed a

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 3

1  Personal Restraint Petition (PRP) in July 2017.  ECF No. 7-6 at 1–24.  The

2  Washington State Appeals Court denied the petition on the merits.  ECF No. 7-9 at

3  1–12.  Mr. Blizzard sought review in the Washington Supreme Court and was denied.

4  ECF No. 7-10 at 1–22.  A certificate of finality was issued on September 18, 2019.

5  ECF No. 7-13 at 18.

6       While his PRP was pending, Mr. Blizzard filed a Motion for Relief from Order

7  Denying Defendant's Motion to Dismiss pursuant to CrR 7.8(b)(5) on August 26,

8  2018.  ECF No. 7-10 at 31–43.  Mr. Blizzard initially filed this motion in the Yakima

9  County Superior Court, which transferred the motion to the Washington Court of

10  Appeals for consideration as a PRP.  ECF No. 7-10 at 55–56.  The Washington Court

11  of Appeals summarily dismissed the construed PRP as untimely without reaching its

12  merits.  ECF No. 7-10 at 57–60.  Mr. Blizzard sought review in the Washington

13  Supreme Court, which denied review.  ECF No. 7-10 at 29.  A certificate of finality

14  was issued on September 17, 2019.  ECF No. 7-13 at 16.

15       On July 23, 2019, Mr. Blizzard filed a third post-conviction motion, styled as a

16  Motion for Relief from Order Denying Defendant's Motion to Suppress under CrR

17  7.8(b)(5) in the Yakima County Superior Court.  ECF No. 7-11 at 1–11.  The

18  Superior Court found the motion time-barred and transferred it to the Washington

19  Court of Appeals for consideration as a PRP.  ECF No. 7-13 at 35–36.  The Court of

20  Appeals dismissed this construed third PRP as untimely and procedurally barred.

21  ECF No. 7-13 at 36.  Mr. Blizzard sought review in the Washington Supreme Court.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 4

ECF No. 7-13 at 42–56.  The Supreme Court of Washington denied review on August 24, 2022.  ECF No. 7-13 at 87–89.

On September 26, 2022, Mr. Blizzard filed his initial habeas petition under 28 U.S.C. § 2254.  ECF No. 1.  Mr. Blizzard filed an amended habeas petition under 28 U.S.C. § 2254 on October 31, 2022, which the Court will now consider.  ECF No. 7.

## STANDARD OF REVIEW

Relief under § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act (AEDPA) governs the review of Mr. Blizzard's claims because he filed the petition after April 24, 1996.  *See Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).

A federal court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Under this

standard, if "'fairminded jurists could disagree' on the correctness" of the state

court's decision, federal habeas relief is precluded.  *Id*. at 101 (citing *Yarborough v.*

*Alvarado*, 541 U.S. 652, 664 (2004) (per curiam)).  In short, the petitioner bears the

heavy burden to show that "there was no reasonable basis for the state court to deny

relief."  *Richter*, 562 U.S. at 98.

There is a one-year statute of limitations applicable for a writ of habeas corpus

filed by a person in custody pursuant to the judgment of a State court.  28 U.S.C. §

2244(d)(1).  The limitation period generally begins to run on "the date on which the

judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, the time

during which a "properly filed" application for State post-conviction or other

collateral review is pending does not count toward the limitation period.  28 U.S.C. §

2244(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance

are in compliance with the applicable laws and rules governing filings."  *Artuz v.*

*Bennett*, 531 U.S. 4, 8 (2000).  Time limits on postconviction petitions are

conditions to filing such that an untimely petition is not "properly filed."  *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 413 (2005).

/ / /

/ / /

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 6

**DISCUSSION**

**A. Timeliness**

Respondent contends that Mr. Blizzard's petition is not timely.  ECF No. 11 at 11–13.  Respondent argues that the statute of limitations for Mr. Blizzard's habeas petition began to run on May 9, 2017, when Mr. Blizzard's time to seek review in the federal Supreme Court expired and his judgment became final.  *Id*. at 11. Respondent acknowledges that the statute of limitations tolled while Mr. Blizzard's properly filed first PRP was pending in state court.  *Id*. at 11–12.  However, Respondent contends that the statute of limitations began to run again on September 18, 2019, once the Washington Court of Appeals issued a certificate of finality for Mr. Blizzard's first PRP.  *Id*. at 12.  Accordingly, Respondent argues that Mr. Blizzard had until September 18, 2020, to initiate his habeas proceedings, but he did not do so until September 26, 2022.  *Id*.

Mr. Blizzard contends that his habeas petition is timely because he filed multiple postconviction actions in state court based on intervening case law and intervening federal Supreme Court rulings, which Mr. Blizzard alleges tolled his time to file a habeas petition.  ECF No. 7 at 18.  Mr. Blizzard argues that his state postconviction motions were "improperly determined to be time barred by RCW 10.73.090, so they were filed under RCW 10.73.100(4)(6)."  ECF No. 13 at 6.

A properly filed PRP will toll the statute of limitations for a habeas petition while the PRP is pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  A PRP may be

filed within one year after the judgment becomes final. WASH. REV. CODE §

10.73.090. After one year, no PRP may be filed "if the judgment and sentence is

valid on its face and was rendered by a court of competent jurisdiction." WASH.

REV. CODE § 10.73.090(1). However, this time limit does not apply to a petition

based solely on the following grounds:

> There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

WASH. REV. CODE § 10.73.100(6) (amended 2024).

The Washington Supreme Court denied review of Mr. Blizzard's Motion for

Discretionary Review of his direct appeal on February 8, 2017. ECF No. 12-1 at

10–11. Mr. Blizzard did not file a petition for writ of certiorari, and the time to do

so expired on May 9, 2017, at which time his judgment became final. SUP. CT. R.

13. Thus, his one-year limitation period in which to file a habeas petition began to

run on May 9, 2017, and would expire on May 9, 2018, if no time was tolled.

Accordingly, Mr. Blizzard's habeas proceedings, initiated on September 26, 2022,

are untimely unless his state postconviction motions tolled the statute of limitations.

ECF No. 1. The Court will proceed to consider Mr. Blizzard's three postconviction

motions individually to determine whether each motion tolled the time in which Mr. Blizzard had to file a habeas petition.

### First Personal Restraint Petition

In July 2017, approximately five months after the Washington Supreme Court denied review of his direct appeal, Mr. Blizzard filed a timely PRP in the Washington Court of Appeals alleging four grounds for relief. ECF No. 7-6 at 1–24. He alleged that he was denied (1) "his constitutional right to a fair trial and his right to due process because of prosecutor misconduct as the prosecutor supported perjured testimony;" (2) "his right to a fair trial and due process when the trial court gave the jury instruction No. 21 and the special verdict form 3 on aggravating circumstances;" (3) "his right to a fair trial and due process when the trial court gave the jury instruction No. 18 and the special verdict form 1 for a deadly weapon enhancement;" and (4) "his sixth amendment to the United States Constitution and Article I, Section 22 of the Washington Constitutional right to effective assistance of trial counsel and appellate counsel." *Id*. at 3–24. The Washington Court of Appeals dismissed the PRP on the merits on August 6, 2018. ECF No. 7-9 at 1–12. Mr. Blizzard filed a Motion for Discretionary Review of his PRP in the Washington Supreme Court, which was denied on July 1, 2019. ECF No. 7-10 at 23–29. A certificate of finality was issued on September 18, 2019. ECF No. 7-13 at 18. Thus, Mr. Blizzard's time to file a habeas petition tolled from July 2017, to September 18,

2019, while his properly filed PRP was pending in state court. *See* 28 U.S.C. §

2244(d)(2).

### Second Personal Restraint Petition

On August 26, 2018, while his first PRP was pending, Mr. Blizzard filed

another postconviction motion, styled as a Motion for Relief from Order Denying

Defendant's Motion to Dismiss pursuant to CrR 7.8(b)(5). ECF No. 7-10 at 30–43.

Mr. Blizzard alleged that the trial court's pretrial order denying Mr. Blizzard's

Motion to Dismiss based on governmental intrusion into attorney-client

communications was contrary to a recent decision in *State v. Irby*, 415 P.3d 611

(Wash. Ct. App. 2018). ECF No. 7-10 at 31. Mr. Blizzard alleged that the trial

court erred by failing to require that the State prove beyond a reasonable doubt that

Mr. Blizzard was not prejudiced by the governmental intrusion. *Id*. at 33.

Mr. Blizzard originally filed this motion in the Yakima County Superior

Court, which transferred the motion to the Washington Court of Appeals to treat as a

PRP. ECF No. 7-10 at 55–56. The Washington Court of Appeals summarily

dismissed the construed PRP, finding that it was time-barred under WASH. R. APP. P.

16.8.1(b) and WASH. REV. CODE § 10.73.090(1), because it was filed more than one

year after Mr. Blizzard's judgment became final. ECF No. 7-10 at 54–60. Mr.

Blizzard filed a petition for Discretionary Review in the Washington Supreme Court,

ECF No. 7-10 at 44–53, and the Washington Supreme Court denied review on July

1, 2019.  ECF No. 7-10 at 61–67.  A certificate of finality was issued on September 17, 2019.  ECF No. 7-13 at 16.

This motion was pending in state court from August 26, 2018, until September 17, 2019, which is entirely within the time that Mr. Blizzard's first, properly filed PRP was also pending in state court.  Accordingly, even if this second PRP were considered properly filed, and, therefore, tolled the statute of limitations, it would not extend the time for Mr. Blizzard to timely file a habeas petition, because any time that it would have tolled was already tolled by the simultaneously pending first PRP.  Accordingly, the Court need not consider whether this PRP tolled the statute of limitations and will proceed to analyze whether the third postconviction motion tolled the limitations period.

### Third Personal Restraint Petition

After the Washington Supreme Court denied review of his construed second PRP on July 1, 2019, Mr. Blizzard filed a third postconviction motion on July 23, 2019, styled as a Motion for Relief from Order Denying Defendant's Motion to Suppress pursuant to CrR 7.8(b)(5).  ECF No. 7-11 at 1–11.  Mr. Blizzard alleged that the trial court's pretrial order denying Mr. Blizzard's Motion to Suppress based on allegedly invalid search warrants was contrary to a recent decision by the United States Supreme Court, *Carpenter v. United States*, 585 U.S. 296 (2018).  ECF No. 7-11 at 3–7.

1         Mr. Blizzard again originally filed this motion in the Yakima County Superior

2    Court, which transferred the motion to the Washington Court of Appeals to consider

3    as a construed third PRP.  ECF No. 7-13 at 35–36.  Although the PRP was filed

4    more than one year after his judgment became final, Mr. Blizzard contended that the

5    PRP was timely under WASH. REV. CODE § 10.73.100(6), because there had been a

6    significant change in the law through the *Carpenter* decision, which was decided

7    after his judgment became final and which, Mr. Blizzard contended, was material to

8    his conviction.  ECF Nos. 7-11 at 8; 7-13 at 37.

9         The Court of Appeals dismissed the construed third PRP as untimely and

10   procedurally barred.  ECF No. 7-13 at 33–40.  In reviewing the motion, the

11   Washington Court of Appeals stated that, because the petition was filed more than

12   one year from when his judgment and sentence became final, it was barred as

13   untimely under WASH. REV. CODE § 10.73.090(1), and it did not meet any of the

14   exceptions found in § 10.73.100(1)-(6).  ECF No. 7-13 at 36–39.  Additionally, the

15   appeals court noted that petitions that renew an issue that previously had been raised

16   and rejected on direct appeal will be dismissed, unless the interests of justice require

17   relitigation of that issue.  *Id* (citing *In re Pers. Restraint of Davis*, 101 P.3d 1 (Wash.

18   2004) (en banc)).  The Washington Court of Appeals found that Mr. Blizzard had

19   raised the issue of the search warrants in his direct appeal, which the state appeals

20   court had considered and denied on the merits.  ECF No. 7-13 at 38.  Therefore, he

21   was barred from reraising such an issue in his PRP unless he was entitled to relief

1    under an exception in WASH. REV. CODE § 10.73.100.  *Id*. at 37.  The court of

2    appeals found that Mr. Blizzard was not entitled to the exception under §

3    10.73.100(6), because *Carpenter* did not materially affect Mr. Blizzard's conviction.

4    ECF No. 7-13 at 38–39.  Accordingly, the appeals court dismissed the petition as

5    time-barred and successive.  *Id*. at 39.

6         On August 24, 2022, the Washington Supreme Court denied review of the

7    construed third PRP, finding it untimely.  ECF No. 7-13 at 86–89.  The Washington

8    Supreme Court agreed with the court of appeals, finding that *Carpenter* was

9    "immaterial to Blizzard's case."  *Id*. at 88.  The Washington Supreme Court further

10    agreed with the appeals court that Mr. Blizzard had already raised the issue of the

11    validity of the search warrants in his direct appeal, and he had not shown that the

12    interests of justice required reconsideration of the issue.  *Id*.

13         If Mr. Blizzard's construed third PRP was considered properly filed, his one-

14    year period to file a habeas petition would have tolled while the PRP was pending in

15    state court from July 23, 2019, until the Washington Supreme Court denied

16    discretionary review on August 24, 2022, ECF No. 7-13 at 86–89.  If that were the

17    case, his habeas petition would be timely, as it was filed approximately one month

18    later, ECF No. 1.  However, Mr. Blizzard's third PRP was not properly filed.

19         First, Mr. Blizzard's construed third PRP was filed more than one year after

20    his judgment became final, and he has made no showing that the judgment or

21    sentence is invalid on its face, or that it was rendered by a court of incompetent

jurisdiction.  *See* WASH. REV. CODE § 10.73.090(1).  Accordingly, Mr. Blizzard's motion was properly transferred from the superior court to the court of appeals. *State v. Flaherty*, 296 P.3d 904, 906 (Wash. 2013) (en banc) ("If the superior court determines that a motion for relief from a judgment and sentence under CrR 7.8 is time barred under RCW 10.73.090, the court 'shall' transfer the motion to the Court of Appeals for consideration as a personal restraint petition.").

Second, the Court agrees with the Washington Court of Appeals and the Washington Supreme Court that Mr. Blizzard's construed third PRP did not comply with any of the exceptions listed in § 10.73.100(1)-(6).  Mr. Blizzard argues that *Carpenter*, decided by the United States Supreme Court on June 22, 2018, significantly changed the law regarding searches and expectations of privacy such that his pretrial motion to suppress should have been decided differently by the trial court.  ECF No. 7-11 at 3–4.  The Court agrees with the Washington state courts that this is not the case.  *Carpenter* addressed the issue of when an individual has a reasonable expectation of privacy and when a search has occurred.  585 U.S. at 310. The Court held that an individual has a legitimate expectation of privacy under the Fourth Amendment in their physical movements as captured through cell-site location information (CSLI) and that obtaining such information from a wireless carrier is a search.  *Id*.  This holding is not material to Mr. Blizzard's case, because, unlike in *Carpenter*, the Government in this case does not contest that a search occurred and that a valid search warrant was necessary.  Rather, Mr. Blizzard's cell

1    phone records were obtained pursuant to search warrants that Mr. Blizzard alleges

2    were invalid.  The validity of search warrants was not addressed in *Carpenter*, and,

3    therefore, *Carpenter* did not change the Fourth Amendment search and seizure law

4    as it applied to Mr. Blizzard.  Because *Carpenter* does not materially affect Mr.

5    Blizzard's conviction, it does not satisfy the statute of limitations exception

6    articulated in WASH. REV. CODE § 10.73.100, and Mr. Blizzard's third construed

7    PRP was not timely.

8         Accordingly, Mr. Blizzard's third construed PRP did not toll the time in which

9    Mr. Blizzard had to file a habeas petition.  Mr. Blizzard had one year from when his

10   time to file a petition for certiorari expired on May 9, 2017.  That one-year period

11   tolled while his properly filed first PRP was pending in state court from July 2017,

12   to September 18, 2019.  ECF Nos. 7-6 at 1–24; 7-13 at 18.  Mr. Blizzard initiated his

13   habeas proceedings on September 26, 2022, ECF No. 1, approximately two years

14   beyond his time to timely file.  Accordingly, the Court finds that the habeas petition

15   is untimely and must be denied.

16   **Equitable Tolling**

17        Mr. Blizzard argues that equitable tolling "applies throughout all his pleading

18   and appeals filed previously hereto."  ECF No. 7 at 18.  Mr. Blizzard claims that he

19   has acted with due diligence in pursuing his postconviction claims, "as evidenced by

20   his relentless tenacity to file multiple legal pleadings, pro se, without the assistance

21   of counsel," and that "it has always been the intent, open and transparent, by

Blizzard to file his Writ of Habeas Corpus." ECF No. 13 at 7. Mr. Blizzard argues

that the state court delayed in filing Mr. Blizzard's July 2019, motion, and that it

took until April 21, 2020, for his motion to be transferred to the Washington Court

of Appeals as a PRP. *Id.* at 9. Accordingly, the state did not file a response until

August 23, 2021, and the state court did not resolve the motion until August 24,

2022. *Id.* Mr. Blizzard contends that this delay was out of his control, due to no

fault of Mr. Blizzard, and is an "extraordinary circumstance" that prevented Mr.

Blizzard from timely filing his federal petition. *Id.* Mr. Blizzard contends that it

was impossible to file a timely habeas petition, because he was required to exhaust

his state court remedies prior to filing his habeas petition.

Respondent argues that Mr. Blizzard has not shown a legitimate basis for

equitable tolling of the statute of limitations. ECF No. 11 at 14.

A Court may equitably toll the statute of limitations if the petitioner shows

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560

U.S. 631, 649 (2010). "The threshold necessary to trigger equitable tolling under

AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292

F.3d 1063, 1066 (9th Cir. 2002) (cleaned up). *Pro se* status alone is insufficient to

warrant equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

The Court recognizes that Mr. Blizzard has shown consistent efforts in

pursuing his rights. However, his purportedly open and transparent intent to file a

1    habeas petition does not suffice for equitable tolling, because Mr. Blizzard has not

2    shown that an extraordinary circumstance prevented him from timely filing.  While

3    Mr. Blizzard's third PRP was filed in July 2019, and not resolved until August 2022,

4    this was not an extraordinary circumstance.  If the PRP had been timely, the amount

5    of time it took the state court to resolve the petition would have been irrelevant, as

6    the statute of limitations for his habeas petition would have tolled during the entire

7    time his PRP was pending.  Mr. Blizzard has not shown that he was otherwise

8    prevented from filing a timely habeas petition.

9           The Supreme Court has addressed the potential unfairness of a petitioner

10    trying in good faith to exhaust state remedies in state court for years, only to find out

11    at the end that his efforts were not "properly filed," causing his habeas petition to be

12    time-barred.  *Pace*, 544 U.S. 408.  The Supreme Court suggested that a petitioner

13    could avoid such a situation by filing a "protective" petition in federal court asking

14    the federal court to "stay and abey the federal habeas proceedings until state

15    remedies are exhausted."  *Id*. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278

16    (2005)).

17           Because Mr. Blizzard did not file such a stay or initiate his habeas

18    proceedings before the statute of limitations elapsed, and because he has not shown

19    an extraordinary circumstance prevented him from so doing, his petition must be

20    denied as untimely.  However, in the interest of providing a complete analysis to Mr.

21

Blizzard, who has showed considerable efforts in pursuing his rights, the Court will proceed to consider the merits of Mr. Blizzard's petition.

**B. Evidentiary Hearing**

Mr. Blizzard filed a request for appointment of counsel, in which he asserts that there are many complex issues raised in his habeas petition, an evidentiary hearing will be necessary to resolve the issues, and an experienced attorney is needed. ECF No. 14 at 1. Respondent argues that Mr. Blizzard has not satisfied the requirements for an evidentiary hearing. ECF No. 11 at 10.

A district court may rule on a habeas petition without an evidentiary hearing if the "issues . . . can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Here, the state court record is sufficient to resolve Mr. Blizzard's claims without an evidentiary hearing. *See* ECF Nos. 7; 12; 12-1. Additionally, this Court previously denied a prior request by Mr. Blizzard for appointment of counsel, ECF No. 9, finding that Mr. Blizzard had failed to demonstrate a compelling justification to appoint counsel. The conclusory allegations in his second motion for appointment of counsel provide no additional information and, therefore, similarly fail to demonstrate a compelling justification to appoint counsel. Mr. Blizzard's request for an evidentiary hearing and his request for appointment of counsel are denied.

/ / /

/ / /

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 18

### C. Merits of Petition

Mr. Blizzard raises six grounds of relief, all of which were raised either in his direct appeal or in his postconviction motions.

**Ground One:** Illegal search/seizure, exploiting illegal warrants in violation of State and Federal Constitution, 4th Amendment.

**Ground Two:** Illegal search/seizure of privileged attorney-client communications in violation of 5, 6, & 14th Amendments.

**Ground Three:** The State knowingly supported perjured testimony of their key witnesses in violation of Brady & Due Process.

**Ground Four:** Improper jury instructions were given on deadly weapon and victim vulnerability.

**Ground Five:** Mr. Blizzard was denied his 6th Amendment Constitutional Right to Effective Assistance of both Trial and Appellate Counsel.

**Ground Six:** Cumulative error of the issues raised.

ECF No. 7 at 21. Respondent focuses on the timeliness of Mr. Blizzard's petition and does not address the merits of Mr. Blizzard's arguments. ECF No. 11.

**Ground One: Warrants Issued**

Mr. Blizzard argues that phone records and text messages were improperly admitted as evidence in his trial because they were obtained through invalid search warrants. ECF No. 7 at 24. Mr. Blizzard contends that the search warrants were void at their inception, because the district court that issued them had no authority to do so. *Id.* at 30. Although the superior court later issued search warrants to cure the jurisdictional issue, Mr. Blizzard contends that these warrants were also invalid,

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 19

because the unlawful seizure effected through the initial improper warrants provided

evidence that was then used to obtain the proper search warrants. *Id*. at 32.

Specifically, Mr. Blizzard claims that the identification and location of the carrier

possessing Mr. Blizzard's phone records and text messages were obtained through

the unauthorized district court warrants and then used to support the acquisition of

the superior court warrants. *Id* at 31–32.  Thus, the later warrants did not cure the

jurisdictional issue, because they were not "genuinely independent" of the prior,

improper warrants. *Id*.

      The state appeals court considered and denied this argument by Mr. Blizzard

when he raised it in his direct appeal.  The state court stated that, if Mr. Blizzard's

argument were factually accurate, there would be a strong argument for suppression,

but that the facts do not support Mr. Blizzard's allegations.  ECF No. 7-7 at 64.  The

state court found that, to support probable cause for the later warrants, the State used

new information obtained through phone calls to cell phone company representatives

to obtain the proper warrants, not information obtained through the prior, invalid

warrants. *Id*.  Thus, the State learned this information independently of the improper

warrants, the information was properly included in the subsequent warrant

application, and, therefore, there is no basis for suppression. *Id*. at 65.  The state

appeals court also found that the information set forth in the affidavit for the superior

court warrants was sufficient to establish probable cause. *Id*. at 67.

Because the state court adjudicated this claim on the merits, to find relief in the federal court Mr. Blizzard must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The state court reasonably concluded that the facts did not support Mr. Blizzard's argument on direct appeal, and Mr. Blizzard's instant argument simply restates the argument he raised on direct appeal and does not provide evidence to refute the state court's analysis or determination of the facts. Accordingly, the Court denies relief on this ground.

**Ground Two: Search and Seizure of Attorney-Client Communications**

Mr. Blizzard claims that the trial court violated his constitutional rights to Due Process and Equal Protection by placing the burden on Mr. Blizzard to prove that he was prejudiced by the Government's search and seizure of his attorney-client communications. ECF No. 7 at 37. Mr. Blizzard argues that a jail officer seized materials from Mr. Blizzard's jail cell that contained private attorney communications, read them, and kept them on an officer's desk where anybody could read them. *Id*. at 38–39. Mr. Blizzard contends that the trial court improperly required Mr. Blizzard to prove that he was prejudiced by the seizure of the materials when the burden should have been placed on the State to prove that the violation did not prejudice Mr. Blizzard. *Id*. at 37. Mr. Blizzard contends that *State v. Irby*, 415

1  P.3d 611 (Wash. Ct. App. 2018), decided after he filed his direct appeal, highlights

2  the trial court's error.  ECF No. 7 at 37–38.

3  While adjudicating this claim in his direct appeal, the state appeals court

4  stated that "[t]he State bears the heavy burden of proving lack of prejudice beyond a

5  reasonable doubt."  ECF No. 7-7 at 68 (citing *State v. Peña Fuentes*, 318 P.3d 257,

6  263 (Wash. 2014) (en banc)).  The appeals court found that the trial judge's findings

7  were sufficient to justify a denial of Mr. Blizzard's pretrial motion to dismiss,

8  because the trial judge conducted a lengthy evidentiary hearing and determined that

9  some jail staff saw Mr. Blizzard's documents, but nobody looked at the materials in

10  detail, nobody discussed the contents with anyone else, and the materials were never

11  shared with anyone involved in the prosecution.  ECF No. 7-7 at 69.  Based on this

12  finding, the state appeals court found that "there was no possibility that seizure of

13  Mr. Blizzard's documents benefited the State or prejudiced the defense" and that the

14  trial court was correct in finding that dismissal was unwarranted.  *Id*.

15  To obtain relief on this ground, Mr. Blizzard must meet the heavy burden of

16  showing that there was no reasonable basis for the state court to deny relief on this

17  claim, and he fails to do so.  *Richter*, 562 U.S. at 98.  Mr. Blizzard does not contest

18  that the trial judge conducted a lengthy evidentiary hearing on this issue, and he does

19  not contest that, during the hearing, the Government demonstrated that the materials

20  had never been shared with anyone in the prosecution team.  Accordingly, it was

21  reasonable for the state appeals court to conclude that the State had offered sufficient

1  evidence to prove a lack of prejudice to Mr. Blizzard.  Because the state appeals

2  court reasonably adjudicated that there was no possibility of prejudice to Mr.

3  Blizzard, the Court denies relief on this ground.

4  **Ground Three: Perjured Testimony**

5        Mr. Blizzard argues that his right to a fair trial was violated when the State

6  "supported perjured testimony."  ECF No. 7 at 42.  Mr. Blizzard contends that the

7  prosecutor knew or should have known that Adriana Mendez's trial testimony was

8  perjury, and therefore, that the prosecutor knowingly presented perjured testimony to

9  the jury.  *Id*. at 43.  Mr. Blizzard alleges that Ms. Mendez admitted to committing

10  perjury by saying, "I prayed about it actually before I even took the plea and came

11  up with the truth."  *Id*. at 42–43.

12        In reviewing this argument first raised in Mr. Blizzard's initial PRP, the state

13  appeals court found that Mr. Blizzard's allegations failed to show that the prosecutor

14  committed prejudicial misconduct.  ECF No. 7-9 at 5.  The court found that Mr.

15  Blizzard offered no conclusive evidence that Ms. Mendez's trial testimony was

16  dishonest or that the prosecutor knew it was dishonest.  *Id*.  Although Ms. Mendez

17  testified that she was not involved in the attack, and Mr. Gomez-Monges later

18  testified that Ms. Mendez beat the victim with a rock, the appeals court found that

19  "Mr. Gomez-Monges's contradictory testimony in his subsequent murder trial is at

20  least as likely to be false."  *Id*.  Accordingly, the state appeals court found that "the

21  evidence falls far short of showing intentional elicitation of perjury."  *Id*.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 23

Because the state court adjudicated this claim on the merits, to find relief in the federal court Mr. Blizzard must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The Court agrees with the state appeals court that Mr. Blizzard has offered no conclusive evidence that Ms. Mendez's trial testimony was dishonest or that the prosecutor knew it was dishonest. *See* ECF No. 7-9 at 5.  Although Ms. Mendez's testimony conflicts with Mr. Gomez-Monges's subsequent testimony during his own trial, this does not demonstrate that Ms. Mendez, rather than Mr. Gomez-Monges, committed perjury.  Additionally, Ms. Mendez's statement that she "came up with the truth," when considered in context, does not constitute an admission of perjury. Rather, it appears more likely that Ms. Mendez was indicating that she prayed and then decided to testify truthfully.  Accordingly, Mr. Blizzard has not shown that the state court's ruling was unreasonable, and the Court denies relief on this claim.

**Ground Four: Jury Instructions**

Mr. Blizzard argues that the trial court provided improper jury instructions regarding what constitutes a deadly weapon and a vulnerable victim.  ECF No. 7 at 48.

***Deadly Weapon Instruction***

A deadly weapon is "an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may

easily and readily produce death." WASH. REV. CODE § 9.94A.825. The statute lists instruments that are included in the term deadly weapon, including "any knife have a blade longer than three inches." WASH. REV. CODE § 9.94A.825. Jury instruction No. 18 stated: "Whether a knife having a blade less than three inches long is a deadly weapon is a question of fact that is for you to decide." ECF No. 7 at 50.

Mr. Blizzard contends that (1) this instruction failed to inform the jury that they had to find as a matter of law that the knife blade was longer than three inches to find that the knife was a deadly weapon; (2) the instruction improperly relieved the State of its burden to prove that the knife was a deadly weapon; (3) the State failed to provide evidence that this was the knife used in the underlying offense; and (4) the State was improperly relieved of its burden to prove that the instrument used in the underlying assault had the capacity to inflict death and, from the manner in which it was used, is likely to produce or may easily produce death. ECF No. 7 at 50.

The state appeals court found that the list of deadly weapon examples in the statute is "non-exhaustive" and that "any instrument that has the capacity to inflict death or injury, and that is used in a way that is likely to cause death or injury, also qualifies as a deadly weapon." ECF No. 7-9 at 10. The state court concluded that the evidence was sufficient for a jury to find that Mr. Blizzard's accomplice was armed with a deadly weapon when he was armed with a knife that had a blade shorter than three inches. *Id*.

A knife is a deadly weapon as a matter of law if it has a blade longer than three inches. *State v. Zumwalt*, 901 P.2d 319, 323 (Wash. Ct. App. 1995). For knives with a blade shorter than three inches, the State must prove that the knife "had the capacity to cause the victim's death and was used in a way that was likely to produce or could have easily and readily produced death." *Id*. at 130. Whether a knife shorter than three inches is a deadly weapon is a question of fact to be determined by its capacity to inflict death and the manner in which it was used. *Id*. Therefore, contrary to Mr. Blizzard's argument, the jury did not need to find that the blade was longer than three inches to find that the knife was a deadly weapon. The jury instruction properly allowed the jury to determine whether the knife was considered a deadly weapon based on the facts of the case. Accordingly, the Court denies relief on this ground.

### *Vulnerable Victim Instruction*

Special Verdict Form 3 stated: "Did the defendant or an accomplice know, or should the defendant or an accomplice have known, that the victim was particularly vulnerable or incapable of resistance?" ECF No. 7-6 at 37. Mr. Blizzard states that this instruction was improper because there is nothing in the record that supports a finding that the victim was more vulnerable than any other victim. ECF No. 7 at 53.

The state appeals court found that the jury was properly instructed that it could determine whether the victim was more vulnerable than the typical victim and whether that vulnerability was a substantial factor in the commission of the crime.

ECF No. 7-9 at 7.  The appeals court explained that the victim's "advanced age and the fact that he was surprised by an attack during a real estate showing" support the jury finding that he was vulnerable to the attack.  *Id.*

Washington allows for a sentence outside the standard sentence range if "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance."  WASH. REV. CODE § 9.94A.535 (amended 2019).  Victims may be deemed particularly vulnerable due to advanced age.  *See State v. Jones*, 922 P.2d 806, 811 (Wash. 1996) (en banc).  Although Mr. Blizzard contends that "there is nothing in the record that would show that [the victim] would be any more vulnerable [sic] then any other victim of a murder for hire," Mr. Blizzard does not dispute that the victim was 78 years old at the time of the offense.  ECF No. 7 at 53.  Victims of this age are of sufficiently advanced age to be considered particularly vulnerable.  *See, e.g., Jones*, 922 P.2d at 811 (holding that a woman being 77 years old at the time of the attack supported a finding that she was particularly vulnerable due to her advanced age).  Because it is undisputed that the victim in this case was 78 years old, there was sufficient evidence that the victim was vulnerable due to his advanced age.  Accordingly, the Court declines to grant relief on this ground.

/ / /

/ / /

/ / /

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 27

**Ground Five: Ineffective Assistance of Counsel**

Mr. Blizzard argues that he was denied his constitutional right to effective assistance of counsel because his counsel failed to object to the jury instructions underlying his Ground Four claims discussed above.  ECF No. 7 at 54.

To prevail on an ineffective assistance of counsel claim, a petitioner must make two showings.  First, a petitioner must establish that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Id.* at 691. Second, a petitioner must establish prejudice.  To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *See id*. at 689; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).  Additionally, the Court owes a high level of deference to state court adjudication of claims of ineffective assistance of counsel. *Yarborough*, 541 U.S. at 668.

The state appeals court found that Mr. Blizzard did not establish that the trial court would have sustained counsel's objections to the instructions, or that appellate counsel would have successfully argued that the instructions were improper, and, therefore, Mr. Blizzard failed to show either constitutionally deficient performance or prejudice.  ECF No. 7-9 at 11.

The Court does not find error with the instructions, and, therefore, the Court finds that counsel did not fall below an objective standard of reasonableness for failing to object to the instructions, and, even if counsel had objected, it is unlikely that the result of the proceedings would have been different.  Accordingly, Mr. Blizzard was not denied effective assistance of counsel based on counsel's failure to object, and the Court declines to grant relief on this claim.

**Ground Six: Cumulative Error**

Mr. Blizzard argues that the prosecution employed a broad effort to undermine Mr. Blizzard's constitutional rights to Due Process and a Fair Trial, highlighted by a letter sent by the prosecutor to the trial judge, which the judge found was prosecutorial misconduct.  ECF No. 7 at 57–58.

Before Mr. Blizzard's trial, the county's elected prosecutor sent a letter alleging that the trial judge was biased and prejudiced against the county's prosecuting office and requested the trial judge recuse herself.  ECF No. 7-4 at 29. The judge discussed the letter with the parties and expressed concern that the letter was improper *ex parte* contact and constituted an attempt to intimidate the court.  *Id*.

The State's lead deputy prosecutor assigned to the case subsequently filed a notice of abandonment regarding the recusal request. ECF No. 7-4 at 30. When Mr. Blizzard raised this issue on direct appeal, the state appeals court found that Mr. Blizzard was not subjected to constitutional judicial bias as a result of the letter. ECF No. 7-4 at 35. The state appeals court considered that the trial judge showed no evidence of being intimidated as a result of the letter, and that the judge had ruled favorably for both Mr. Blizzard and the State at times throughout the trial proceedings. *Id*. at 30.

Mr. Blizzard has not shown how any purported prosecutorial efforts to undermine his rights in fact harmed Mr. Blizzard, and the Court finds that Mr. Blizzard has not shown that any prosecutorial misconduct rose to a level that prejudiced Mr. Blizzard. Therefore, the Court declines to provide relief on this ground.

## CONCLUSION

Having found that Mr. Blizzard has failed to show that he is entitled to federal habeas relief due to untimeliness and due to the merits, Mr. Blizzard's petition under 28 U.S.C. § 2254 must be denied.

An appeal of this Order may not be taken unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253. A district court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The Court finds that pursuant

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 30

to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith; thus, there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Daniel Blizzard's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, **ECF No. 7**, is **DENIED**.

2. The Petition is **DISMISSED WITH PREJUDICE**.

3. **JUDGMENT** shall be entered for Respondent.

4. Petitioner Blizzard's second Motion to Appoint Counsel, **ECF No. 14**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel and Mr. Blizzard, and **close the file**. A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

**DATED** June 25, 2024.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 31